UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK BEATTIE | Criminal Case No. 23-CR-00037-WES-PAS |

## GOVERNMENT'S SENTENCING MEMORANDUM

In accordance with the plea agreement and to achieve the objectives of 18 U.S.C. § 3553(a), the Government recommends that the Court sentence the Defendant, Patrick Beattie, to a term of 120 months imprisonment. The Government further recommends that the Court impose a lifetime term of supervised release and a suspicionless search condition.

I. **SENTENCING ARGUMENT**

  A. <u>History and Characteristics of the Defendant</u>.

The Defendant, Patrick BEATTIE, has a long-standing history of sexually exploiting minors. This is the fourth case in which BEATTIE has been convicted for collecting and possessing degrading and harmful images and videos of children, including depictions of prepubescent children, being used for sexual acts, and being posed and displayed in sexualized manners, for the sexual gratification of others.

First, in 2015, the Defendant used a peer-to-peer file sharing program on his laptop to share child sexual abuse material (CSAM) files and downloaded CSAM on his cell phone. For this conduct, in April 2017, he was convicted and was sentenced to 5 years' probation. PSR, ¶¶ 39, 10. Among his conditions of probation, the Court imposed

1

conditions that included

> a prohibition on searching for and possessing child pornography, restrictions on possession of digital devices and internet access, and a waiver of Fourth Amendment rights and agreement to permit warrantless, unannounced searches of his person, residence, or business, and to examine computers and digital devices.

PSR, ¶ 10. Unfortunately, neither the conviction, nor the probation conditions stopped the Defendant from seeking out more CSAM and victimizing additional children.

In April 2021, while on probation for his first child pornography conviction, the Defendant again used the internet (Google) to upload CSAM. In March 2022, he was convicted for the second time for possessing child pornography and was violated on his first case. He was sentenced to a term of 5 years' imprisonment, 4 months to serve, with 4 years and 8 months suspended, with similar conditions of probation that had been imposed in his first conviction. PSR, ¶ ¶ 40, 11. However, while the second child pornography case was pending and before had been convicted, the Defendant had already returned to the internet to victimize more children.

In January 2022, a National Center for Missing and Exploited Children (NCMEC) cybertip from Facebook revealed that the Defendant had again used the internet to upload CSAM. PSR, ¶ ¶ 41, 12. For this conduct, in January 2023, the Defendant was convicted of state child pornography charges for the third time, and was sentenced to a 2 year suspended sentence. In that case, the Court imposed a condition restricting his use of digital devices, and warrantless search condition. *See* PSR, n.1 and ¶ ¶ 41, 12.

B. <u>Nature and Circumstances of the Offense</u>.

In March 2023, the Defendant's house was searched, and the probation officer

discovered not only that the Defendant had continued to seek out and collect CSAM, but also that he was doing so using a device that his probation conditions prohibited him from possessing. After the Defendant initially denied possessing the contraband device, and claimed that he had disposed of the prohibited smartphone, the probation officer found the device hidden inside a boot in the Defendant's closet. The Defendant eventually admitted that the smart phone contained CSAM. Of note, after his third state conviction, the Defendant moved his CSAM activities from commonly used internet service providers and social media sites, and committed the instant offense using The Onion Router (TOR), an encrypted network that allows users to access the internet anonymously. PSR, ¶ ¶ 15, 16 & PSR, n. 3. The forensic review of the smart phone discovered in the Defendant's boot showed that in the weeks following his January 2023 conviction, the Defendant had downloaded 453 images and 49 videos of CSAM, included depictions involving toddlers and infants, prepubescent children, and sadistic and masochistic conduct / violence. PSR, ¶ 17. As described in the PSR, the images and video that the Defendant sought out and downloaded included depictions of prepubescent females being penetrated and bound. PSR, ¶ 18.

  C. <u>Need for the Sentence to Reflect the Seriousness of the Offense, The Need for Deterrence, and the Need for Just Punishment.</u>

Since 2015, the Defendant has repeatedly sought out and collected images and videos of children being physically hurt, humiliated, and degraded. The Defendant, like other users of CSAM, are members of a community of deviant individuals who enjoy watching the sexual abuse of young and vulnerable children. For those with a sexual

interest in children, the Internet provides a tailor-made medium for acquiring child pornography images, from the privacy of their homes. It also functions as a normalizing force for those interested in the sexual abuse of children. The fact that the children suffer the sexual abuse in the first place is a horrific tragedy. However, the continued exploitation of these children by persons like the Defendant who collect and access this revolting and material for their own gratification compounds and continues the harm suffered by the victims each and every time the CSAM depicting their abuse is viewed.

The First Circuit has repeatedly found that the effects of demand for child pornography, namely the perpetuation or increase of supply, justifies lengthy jail terms for child pornography possession. *See United States v. MacVicar*, 96 F.4th 51, 58 (1st Cir. 2024) (affirming an 84-month sentence for possession of a child pornography conviction for a first-time offender, finding that "[t]he heinous impact of the child pornography market on society cannot be understated, nor can the defendant's place in that market."); *United States v. Colcord*, 90 F.4th 25, 31 (1st Cir. 2024) (affirming 145-month sentence for possession of child pornography conviction for repeat sex offender; finding that "Congress has recognized that reducing the demand for this exploitative market is as necessary as reducing the supply . . . We add, moreover, that the defendant's attempt to downplay the severity of his conduct because he was a viewer of vile material, not a producer or distributor of it, is unpersuasive.") (citing *United States v. Blodgett*, 872 F.3d 66, 71 (1st Cir. 2017)) (quotations omitted); *United States v. Gomera-Rodriguez*, 952 F.3d 15, 20 (1st Cir. 2020) (97-month term of incarceration substantively reasonable as means of deterring demand and thereby tamping down supply); *United States v. Hassan-Saleh-*

4

*Mohamad*, 930 F.3d 1, 9 (1st Cir. 2019) (affirming 87-month sentence for possession of child pornography conviction for first time offender; finding that "[b]y accessing child pornography with intent to view it, [a] defendant contribute[s] to the continued viability of this highly exploitative market." (quotations omitted) (citing *United States v. Blodgett*, 872 F.3d at 71 and *United States v. Gall*, 829 F.3d 64, 75 (1st Cir. 2016)); *United States v. Gall*, 829 F.3d at 75 (because "possession of child pornography fueled the market for child pornography, and thus indirectly harmed children[,]" Guidelines range sentence for child pornography possession offense was substantively reasonable.) One of the goals of sentencing in child pornography cases is the reduction of demand for child pornography, and serious jail sentences aid in achieving that goal. *See id.* As the Seventh Circuit Court of Appeals observed:

> Young children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded – both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced. Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced.

*United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007) (citations omitted). Courts have repeatedly recognized that deterrence and punishment should be primary factors in fashioning child pornography sentences.

The nature of the offense, as well as the Defendant's history demonstrate that specific deterrence is a much needed goal for this Defendant's sentence. The sentence should also reflect the need for general deterrence.

D. <u>Need for the Sentence to Promote Respect Need for The Sentence to Protect the Public From Further Crimes of the Defendant</u>.

By his repeated violation of his probation terms, the Defendant has shown a lack of respect for the law. Although the Defendant has not been convicted for a hands-on offense, he nonetheless poses a danger to the community and to children. Each and every time he viewed, collected, downloaded, and shared CSAM, he harmed a child. While no one can predict the Defendant's future behavior, his history and repeated return to seeking out and possessing CSAM after conviction is, currently, the best indicator to demonstrate the harm that he poses to the public and the need for public protection.

E. <u>Term of and Proposed Condition of Supervised Release To Be Imposed For the Defendant</u>.

It is well-established that the purpose of supervised release is to provide enough supervision to prevent recidivism on the part of the offender. *See* U.S.S.G. Ch. 7 Pt. A(4) (stating that "the purpose of ... supervised release should focus on the integration of the violator into the community, while providing the supervision designed to limit further criminal conduct"); *see also* 18 U.S.C. § 3583(d) (requiring courts to balance the defendant's liberty interest with the need to afford adequate deterrence to criminal conduct in imposing conditions on supervised release). As set forth below, the Government submits that a lifetime term of supervised release, that includes a suspicionless search condition is necessary and appropriate for Defendant BEATTIE.

   1. *A Lifetime Term of Supervised Release is Necessary and Appropriate in This Case.*

Whatever sentence is imposed by this Court, the United States submits that a lifetime term of supervised release is necessary given this Defendant's history, inability

6

to comply with his previous conditions of probation, and his repeated use of and convictions involving CSAM.

The First Circuit has recognized that as it relates to the child pornography offenses, the Sentencing Guidelines have a Policy Statement that recommends a lifetime term of supervised release. *See United States v. Harrison*, 899 F.3d 49, 53 (1st Cir. 2018) ("In upholding the sentence in the circumstances of this case, we join several other circuits which have upheld lifetime terms of supervised release in child-pornography cases.") (collecting cases) (citing USSG § 5D1.2(b)(2)). Because, in sex crimes cases, there is no reason to believe that the need for supervision inherently decreases with time, Congress found lifetime supervised release to be appropriate and directly inserted such a recommendation into the Guidelines. *Id*. This Defendant is certainly one of the offenders who requires lifetime supervision.

    2. *Warrantless Search Condition as a Special Condition of Supervised Release.*

The Government submits that proposed search condition, Recommended Conditions of Post-Conviction Supervision No. 13, which requires "reasonable suspicion" for a search is not sufficient for this Defendant. This Defendant's risk of recidivism is high as shown by his history. The Probation Department must be permitted to have access to the Defendant's computer media, without the need to develop reasonable suspicion, to monitor this Defendant's compliance and ensure that future victims are not harmed by him once he begins his term of supervised release. A search condition based on some particularized level of suspicion, by way of contrast, would not be as effective at deterring future crimes of possession since the Defendant could easily

conceal such wrongdoing, as he has done previously. This Court has the facts to, and should, make the requisite finding that this proposed suspicionless search condition should be imposed for the Defendant. The Government therefore recommends that the Court impose a suspicionless search condition as part of supervised release as follows:

> The defendant shall permit the probation officer, who may be accompanied by local, state, or federal law enforcement authorities, *with or without a reasonable suspicion of a violation of supervision*, to conduct a search of the defendant's residence, automobile, workplace, computer, and other electronic communication or data storage devices or media.

In another case arising out of this District, the district court judge (McConnell, J.) imposed the proposed search condition on a recidivist sex offender convicted of child pornography offenses. In an appeal of that case, taken on a different issue, the First Circuit found that imposition of a suspicionless search condition was not a miscarriage of justice. *See United States v. Boudreau*, 58 F.4th 26, 33 (1st Cir. 2023) ("Indeed, we have permitted the imposition of a suspicionless search condition in another context as reasonably related to the goals of supervised release" and finding that "three of our sister circuits have upheld the imposition of similar conditions on child pornography offenders.") (citing *United States v. Windle*, 35 F.4th 62, 67-68 (1st Cir. 2022)) (collecting out of Circuit cases).

## II.    RESTITUTION

In accordance with 18 U.S.C. § 3664(d)(5), insofar as the victims' losses have not yet been identified, the Government seeks an additional period, up to 90 days from sentencing for a final determination of restitution.

### III. CONCLUSION

For all of these reasons, the Government asks the Court to impose a term of 120 months imprisonment, followed by a lifetime term of supervised release with the recommended conditions in the PSR and the suspicionless search conditions discussed herein.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorney,

ZACHARY A. CUNHA
United States Attorney

_____

Denise Marie Barton
Assistant U.S. Attorney
U.S. Attorney's Office
One Financial Plaza, 17th Floor
Providence, RI 02903
Tel (401) 709-5000; Fax (401) 709-5001
denise.barton@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2025, the within "GOVERNMENT'S SENTENCING MEMORANDUM" was filed electronically and is available for viewing and downloading from the ECF system.

Denise Marie Barton
Assistant U.S. Attorney